UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ELOY VARELA | ) | |
|     PLAINTIFF | ) | |
| VS. | ) | CAUSE NO. _____ |
| | ) | |
| CITY OF PROGRESO, CITY OF | ) | |
| PROGRESO POLICE DEPARTMENT, | ) | |
| CITY OF PROGRESO CHIEF OF | ) | |
| POLICE ALBERTO RODRIGUEZ, | ) | |
| LIEUTENANT DAVID HERNANDEZ, | ) | |
| OFFICER REYMUNDO VIGIL, | ) | |
| OTHER UNKNOWN OFFICERS, | ) | |
| ALFREDO ESPINOZA, | ) | |
| RUMALDO BUSTAMANTE, | ) | |
| IN THEIR OFFICIAL CAPACITY AND | ) | |
| INDIVIDUAL CAPACITY, | ) | |
|     DEFENDANTS | ) | |

**COMPLAINT**

INTRODUCTION

1.  This is a an action for money damages brought pursuant to 42 U.S.C. 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under common law of the State of Texas, against City of Progreso, City of Progreso Police Department, City of Progreso Chief of Police Alberto Rodriguez, Lieutenant David Hernandez, Officer Reymundo Vigil, and other unknown officers, police officers of the City of Progreso, Texas, and Alfredo and Rumaldo Bustamante, in their official and individual capacities.  Jurisdiction is based upon 28 U.S.C. 1331 and 1343, and under the pendent jurisdiction of this Court to entertain claims arising under state law.

2.  It is alleged that the individual police officer defendants made an unreasonable seizure of

the person of Eloy Varela, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these Defendants assaulted and battered Eloy Varela. It is further alleged that these violations and torts were committed as a result of police and customs of the City of Progreso and the City of Progreso Police Department.

## PARTIES

3. Eloy Varela was at all material times a resident of Progreso, Texas, and of full age.

4. The City of Progreso and City of Progreso Police Department, Texas, is a municipal corporation and the public employer of the said officers.

5. Defendants Chief or Police Alberto Rodriguez, Lieutenant David Hernandez, Officer Reymundo Vigil and other unknown officers, were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Progreso and the City of Progreso Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, usages of the State of Texas and or the City of Progreso and City of Progreso Police Department. Chief of Police Alberto Rodriguez and Lieutenant David Hernandez, were aware of the prior conduct of Reymundo Vigil and other unknown officers relating to excessive use of force and similar conduct. Chief of Police Alberto Rodriguez and Lieutenant David Hernandez, although having knowledge of said conduct, failed to take proper action to train Officer Reymundo Vigil and other Unknown Officers, or otherwise take action to investigate, correct or remedy the actions of said Officers. Chief of Police Alberto Rodriguez and Lieutenant David Hernandez further failed to take appropriate corrective measures, including training and or discipline of Officer Reymundo Vigil and other Unknown Officers, to remedy or correct said improper conduct.

Defendant Alfredo Espinoza is the municipal judge for the City of Progreso who was at all times relevant to this complaint duly appointed and acting as a municipal judge for the City of Progreso, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, usages of the State of Texas and or the City of Progreso. Alfredo Espinoza while acting as a municipal judge for the City of Progreso was aware of the prior conduct of Reymundo Vigil and other Unknown Officers, relating to excessive use of force and similar conduct. Although having knowledge of said conduct, failed to take proper action to prevent, investigate, correct or remedy the actions of said Officers. Alfredo Espinoza further failed to take appropriate corrective measures, including training and or discipline of said Officers, to remedy or correct said improper conduct. Alfredo Espinoza furthered the actions and condoned the actions of said Officers by taking actions which included but were not limited to issuing fines, signing warrants, arraigning persons, and performing other duties as the municipal judge for the City of Progreso.

Defendant Rumaldo Bustamante is the municipal judge for the City of Progreso who was at all times relevant to this complaint duly appointed and acting as a municipal judge for the City of Progreso, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, usages of the State of Texas and or the City of Progreso. Rumaldo Bustamante while acting as a municipal judge for the City of Progreso was aware of the prior conduct of Reymundo Vigil and other Unknown Officers, relating to excessive use of force and similar conduct. Although having knowledge of said conduct, failed to take proper action to prevent, investigate, correct or remedy the actions of said Officers. Rumaldo Bustamante further failed to take appropriate corrective measures, including training and or discipline of said Officers, to

remedy or correct said improper conduct. Rumaldo Bustamante furthered the actions and condoned the actions of said Officers by taking actions which included but were not limited to issuing fines, signing warrants, arraigning persons, and performing other duties as the municipal judge for the City of Progreso.

FACTS

6.   On or about October 24, 2009, and at all times pertinent to the cause of action stated in this petition, Chief Rodriguez and Lt. Hernandez were in charge of the Progreso Police Department and were the supervisors of Officer Vigil and the other Unknown Officers.

7.   On or about October 24, 2009, the Plaintiff was on his vehicle, traveling on FM 1015 when he was followed by Officer Vigil and the other Unknown Officers.

8.   Officer Vigil and or the other Unknown Officers then proceeded pull over Eloy Varela within the City Limits of the City of Weslaco, Texas.

9.   Plaintiff was not resisting the actions of said Officers and was not resisting the detention and or arrest. The force used against Plaintiff was unnecessary, unreasonable and excessive.

10.   Said Officers then proceeded to handcuff Plaintiff.

11.   Said Officers then pulled Plaintiff from Plaintiff's vehicle and threw him onto the ground.

12.   The incident was reported to Chief Rodriguez and Lt. Hernandez. An investigation was not conducted.

13.   Plaintiff was processed for driving while intoxicated, but has yet to be arrested or charged.

14.   At no time during the events described above, was Plaintiff, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offense.

15.   The Defendant police officers had no warrant for the arrest of the Plaintiff, no probable

cause for the arrest of the Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.

16. At all times during the events described above, the Defendant police officers were engaged in a joint venture consistent with their previous conduct. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their officer to each other during said events.

17. As a direct and proximate result of the said acts of the Defendants, the Plaintiff suffered the following injuries.

    A.    Violation of his Constitutional Rights under the Fourth and Fourteenth Amendments to the Unites States Constitution to be free from an unreasonable search and seizure of his person.

    B.    Loss of his physical liberty

    C.    Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment

18. The actions of Defendant Officers violated the following clearly established and well settled federal constitutional rights of Plaintiff.

    A.    Freedom from the unreasonable seizure of his person

    B.    Freedom from the use of excessive, unreasonable and unjustified force against his person.

COUNT 1 - 42 U.S.C. 1983 Against Individual Defendants

19. Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

20. Plaintiff claims damages for injuries set forth above under 42 U.S.C. 1983 against

Defendant Officers Alberto Rodriguez, David Hernandez, Reymundo Vigil, Unknown Officers, Alfredo Espinoza and Rumaldo Bustamante, for violations of his constitutional rights under color of law.

### COUNT II - Assault and Battery Against Individual Defendants

22. Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

23. Defendant Officers Vigil, Rodriguez, and other Unknown Officers, assaulted and battered Plaintiff.

24. As a result of this assault and battery, Plaintiff suffered damages as aforesaid.

### COUNT III - False Arrest and Illegal Imprisonment Against Individual Defendants

25. Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

26. Defendant Officers Rodriguez, Vigil, and other Unknown Officers and Defendant Espinoza and Rumaldo Bustamante, illegally arrested and illegally imprisoned Plaintiff

27. As a result of this false arrest and illegal imprisonment, the Plaintiff suffered the damages aforesaid.

### COUNT IV - 42 U.S.C. 1983 Against City of Progreso & City of Progreso Police Department

28. Paragraphs 1-18 are incorporated herein by reference as though fully set forth.

29. Prior to October 24, 2009, the City of Progreso developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in Progreso, which caused the violation of Plaintiff's rights.

30. It was the policy and or custom fo the City of Progreso to inadequately and improperly investigate citizen complaints of police misconduct and acts of misconduct were instead tolerated by the City of Progreso.

31. It was the policy and or custom of the City of Progreso to inadequately supervise and train its police officer, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were know to have engaged in police misconduct.

32. As a result of the above described policies and customs, police officer of the City of Progreso, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Progreso and City of Progreso Police Department to the constitutional rights of persons within the City and were the cause of the violations of Plaintiff's rights alleged herein.

>WHEREFORE, the Plaintiff requests that this Court:

>A. Award compensatory damages to Plaintiff against the Defendants, jointly and severally;

>B. Award costs of this action to the Plaintiff;

>C. Award reasonable attorney's fees and costs to the Plaintiff on Counts I and IV of the complaint;

>D. Award such other and further relief as this Court may deem appropriate.

>The Plaintiff hereby demands a jury trial.

                Respectfully submitted,

                <u>/s/ Sergio J. Valdez</u>
                Sergio J. Valdez
                Attorney for Plaintiff
                State Bar No.: 00789695
                Federal I.D.: 17582
                P.O, Box 4610
                McAllen, Texas 78502-4610
                (956) 618-0837
                Fax (956) 618-0840